UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD AMMAR HALLOUM,

                Plaintiff,

-against-

UNITED STATES AIR FORCE,

                Defendants.

23-CV-3713 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, invoking the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17; and 42 U.S.C. § 1981. He sues the United States Air Force for employment discrimination, which he states took place in Maricopa County, Arizona. For the following reasons, the Court transfers this action to the United States District Court for the District of Arizona.

## DISCUSSION

A civil action for employment discrimination under Title VII or the Rehabilitation Act may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 29 U.S.C. § 794a(a)(1) (incorporating by reference, among other things, Title VII's venue provision for claims of employment discrimination under the Rehabilitation Act).

Plaintiff alleges that his claims against the United States Air Force arose in Tempe, in Maricopa County, Arizona, where he was employed or sought employment. Because Plaintiff alleges that the discrimination took place outside this district, this district is not a proper venue for this action.

If a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff alleges that his claims arose in Arizona, venue for this action lies in the United States District Courts for the District of Arizona. *See* § 2000e-5(f)(3); *see also* 28 U.S.C. § 82. The Court therefore transfers this action in the interest of justice to the United States District Court for the District of Arizona.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Arizona. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this district.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 3, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge